UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSA COX, <br><br> Plaintiff, <br><br> v. <br><br> PERFECT BUILDING MAINTENANCE CORP., <br><br> Defendant. | ECF/CM Case <br><br> **Case No.** <br><br> **COMPLAINT** <br><br> JURY DEMAND |

## NATURE OF THE ACTION AND THE PARTIES

1. This is an action to redress unlawful employment practices under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 et seq., for disability and age discrimination under the New York State Human Rights Law ("State Human Rights Law"), N.Y. Exec. L. §290 *et seq.* and the New York City Human Rights Law ("City Human Rights Law"), N.Y.C. Admin. Code §8-101 *et seq.*

2. Plaintiff Rosa Cox("Cox") at all relevant times was an employee of the defendant, Perfect Building Maintenance Corp. ("PBM") and a person over the age of 40 and a person with a physical disability.

3. PBM is a private corporation that is engaged in the business of providing cleaning services for buildings in New York City.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Cox's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued within New York County, New York.

6. Cox has satisfied all necessary pre-suit administrative requirements in order for this Court to have jurisdiction over all causes of action.

## FACTUAL ALLEGATIONS

7. On or about March 3, 2009, Cox commenced her employment with PBM and she was assigned as a Light Cleaner as to cleaning in a building located at 1301 6th Avenue, New York, NY.

8. In early August 2013, Cox informed PBM that she is being treated for cancer and that she would be absent for an extended period of time to undergo surgery.

9. Cox retuned to work in the latter part of November 2013 and she continued in her position as Light Cleaner without incident because her ongoing chemotherapy treatment with its attendant muscle weakness did not impact Cox's ability to perform the essential functions of her position as a Light Cleaner.

10. Cox continued to work in her position until she was informed on or about September 8, 2014, that she being transferred to another building and into a position as a "Heavy Cleaner."

11. Cox informed PBM that she was incapable of fulfilling the new position because she could not operate the heaving cleaning equipment nor do the heavy lifting that is required of a Heavy Cleaner because of the attendant muscle weakness as a result of her treatment for cancer and her ongoing medical treatment.

12. Cox made a request to PBM that she maintain her position as a Light Cleaner because she could not function as a Heavy Cleaner because of her muscle weakness prevents her from operating the cleaning equipment used by a Heavy Cleaner but this request was denied.

13. Cox, a person who is very active in her union as former representative, contacted her union representative for assistance; however, she was informed that PBM intended to replace her with a younger person.

14. Finally, on about September 14, 2014, Cox was ordered not to return to the building where she was employed and she was indeed replaced by a younger person and not offered any position that would provide a reasonable accommodation for her to continue with her employment with PBM.

## COUNT I
### *Federal Law Disability Discrimination*

15. Cox repeats and realleges every allegation in paragraphs 1 through 14 this Complaint with the same force and effect as though fully set forth herein.

16. At all relevant times, PBM was an "employer" and Cox was an "employee" within the meaning of the ADA.

17. PBM's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADA by terminating Cox's employment because she is a person with disability.

18. PBM's conduct, as alleged herein, was carried out without regard for Cox's right to be free from disability discrimination as outlawed under the ADA.

19. As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

20. Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from PBM under the ADA.

## COUNT II
### *State Law Disability*

21. Cox repeats and realleges every allegation in paragraphs 1 through 20 and all subparts of this Complaint with the same force and effect as though fully set forth herein.

22. At all relevant times PBM was an "employer" and Cox was an "employee" within the meaning of the State Human Rights Law.

23. PBM's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability under the State Human

Rights Law.

24. As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

25. Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from PBM under the State Human Rights Law.

## COUNT III
### *City Law Disability Discrimination*

26. Cox repeats and realleges every allegation in paragraphs 1 through 25 and all subparts of this Complaint with the same force and effect as though fully set forth herein.

26. At all relevant times, PBM was an "employer" and Cox was an "employee" within the meaning of the City Human Rights Law.

27. PBM's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability under the City Human Rights Law.

28. As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary

and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

29.  Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from PBM under the City Human Rights Law.

## COUNT IV
### *Federal Law Age Discrimination*

30.  Cox repeats and realleges every allegation in paragraphs 1 through 29 of this complaint with the same force and effect as though fully set forth herein.

31.  At all relevant times, PBM was an "employer" and Cox was an "employee" within the meaning of the ADEA.

32.  PNM's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADEA, in that, PBM terminated Cox's employment because of age.

33.  As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

34.  Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from

PBM under the ADEA.

## COUNT III
### *State Law Disability*

35. Cox repeats and realleges every allegation in paragraphs 1 through 35 and all subparts of this Complaint with the same force and effect as though fully set forth herein.

36. At all relevant times PBM was an "employer" Cox was an "employee" within the meaning of the State Human Rights Law.

37. PBM's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability under the State Human Rights Law.

38. As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

39. Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from PBM under the State Human Rights Law.

## COUNT IV
### *City Law Disability Discrimination*

40. Cox repeats and realleges every allegation in paragraphs 1 through 39 and all

subparts of this Complaint with the same force and effect as though fully set forth herein.

41.  At all relevant times, PBM was an "employer" and Cox was an "employee" within the meaning of the City Human rights Law.

42.  PBM's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability under the City Human Rights Law.

43.  As a result of PBM's unlawful conduct, Cox has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorney's fees and costs.

44.  As a result PBM's unlawful conduct, Cox has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including back-pay, front-pay, lost benefits, lost pension and retirement earnings.

55.  Cox is entitled to recover damages for her loses, injunctive relief in the form of restoration of her employment, interest, putative damages, attorneys' fees and costs from PBM under the City Human Rights Law.

## **PRAYER FOR RELIEF COMMON TO ALL COUNTS**

WHEREFORE, Cox demands judgment as follows and for the Court to grant

further relief as may be necessary and proper as follows:

(1)     enter a judgment declaring the acts and/or practices of PBM to be in violation of the above described laws against discrimination;

(1)     enter a judgment and ordering PBM to reinstated Cox's employment;

(3)     award Cox as against PBM, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of PBM unlawful acts of discrimination in accordance with the above described laws against discrimination;

(4)     award Cox as against PBM, consequential damages for losses resulting from PBM's unlawful acts of discrimination and unlawful harassment in accordance with the above described laws against discrimination;

(5)     award Cox as against PBM, compensatory and punitive damages for among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above described laws against discrimination; and

(6)     award Cox as against PBM, the cost of this action together with attorneys' fees in accordance with the above described laws against discrimination.

## JURY DEMAND

Cox demands a jury trial for all issues triable by jury.

September 25, 2016  
New York, New York

Respectfully submitted,

LAW OFFICE OF  
LOCKSLEY O. WADE, LLC  
11 Broadway, Suite 615  
New York, NY 10004  
(212) 933-9180  
(212) 253-4142 Fax


By:  /s/ *Locksley O. Wade*  
Locksley O. Wade, Esq.  
*Attorney for Plaintiff*